**Jarmaal SMITH, Plaintiff–Appellant,**

**v.**

**Nancy ADAMS; et al., Defendants–Appellees.**

**No. 13–15869.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2014.*

Filed Feb. 28, 2014.

Jarmaal Smith, Crescent City, CA, pro se.

Valerie Ly, Andrada & Associates Professional Corporation, Oakland, CA, for Defendant–Appellee.

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Jarmaal Smith appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004). We affirm.

The district court properly granted summary judgment because Smith failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to the treatment of his headaches, facial twitching, and chest pain. *See id.* at 1057–60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to a prisoner's health; negligence and a mere difference in medical opinion are insufficient).

The district court did not abuse its discretion in denying Smith's discovery requests because the requested discovery would not have helped Smith prove a viable claim. *See Jones v. Blanas,* 393 F.3d 918, 926, 930 (9th Cir.2004) (setting forth standard of review and explaining that summary judgment is appropriate, even in the face of additional discovery requests, where "such discovery would be 'fruitless'

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

with respect to the proof of a viable claim" (citation omitted)).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.